**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAY WAGNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 14-CV-06309 |
| ) | |
| SKY FITNESS CORPORATION, ) | JURY DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Jay Wagnon, by way of Complaint against the defendant, Sky Fitness Corporation, alleges as follows:

### THE PARTIES

1. Plaintiff, Jay Wagnon ("Wagnon"), is a Connecticut citizen residing at 21 Echo Drive, New Milford, Connecticut 06776.

2. Defendant, Sky Fitness Corporation ("SFC"), is an Illinois corporation with a principal place of business at 1501 Busch Parkway, Buffalo Grove, Illinois 60089.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

5. This Court has personal jurisdiction over Defendant in that it transacts business in the State of Illinois and in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an entity subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

7. Wagnon is the owner of a registration on the service mark "Sky Fitness & Wellbeing", under U.S. Registration No. 4,317,463 issued by the U.S. Patent & Trademark Office (USPTO), as well as a registration on the stylized service mark "Sky Fitness & Wellbeing", under U.S. Registration No. 4,317,464 (collectively the "Sky Fitness Marks"). The Sky Fitness Marks were registered on April 9, 2013. Copies of the registration certificates are attached hereto as Exhibit "A".

8. Since at least as early as September 2005, Wagnon and his business have been using the Sky Fitness Marks in connection with the operation of fitness and exercise training facilities.

9. Wagnon and his business own and operate two successful fitness clubs in Tulsa, Oklahoma under the Sky Fitness Marks.

10. Wagnon and his business also own the website www.sky-fit.com, which markets the services and products sold under the Sky Fitness Marks.

11. In or around November 2012, Wagnon learned that SFC was using the mark "Sky Fitness" to provide fitness and exercise training and related services, and that it was marketing those services on the website www.sky-fitness.com (the "Infringing Domain Name").

12. On November 26, 2012, Wagnon sent a letter to SFC, demanding that SFC cease and desist from any further use of the mark "Sky" to advertise its fitness and exercise services, programs and facilities. The letter further demanded that SF change its name to remove reference to the word "Sky", revise the www.sky-fitness.com website to remove references to the word "Sky", and remove the word "Sky" from all advertising collateral, letterhead and any other documents seen by customers or the buying public. SFC ignored the letter.

13. On May 26, 2013, Wagnon sent a further letter to SFC, advising SFC of the issuance by the USPTO of the registration certificates for the Sky Fitness Marks, and repeating his prior demands contained in the November 26, 2012 letter. Once again, SFC ignored the letter.

**COUNT I
TRADEMARK INFRINGEMENT
(15 U.S.C. § 1114)**

14. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

15. Defendant's use of the mark "Sky Fitness" is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods and

services are offered or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

16. Defendant has used a mark confusingly similar to Plaintiff's federally registered marks in violation of 15 U.S.C. §1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the federally registered Sky Fitness Marks, for which Plaintiff has no adequate remedy at law.

17. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered Sky Fitness Marks to Plaintiff's great and irreparable injury.

18. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

<b><u>COUNT II</u><br><u>FEDERAL UNFAIR COMPETITION</u><br><u>(15 U.S.C. § 1125(a))</u></b>

19. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

20. Defendant's use of the mark "Sky Fitness" has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods and services are offered or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

21. Defendant has made false representations, false descriptions, and false designations of origin of its services in violation of 15 U.S.C. §1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Sky Fitness Marks, for which Plaintiff has no adequate remedy at law.

22. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Sky Fitness Marks to Plaintiff's great and irreparable injury.

23. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT III**
**CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT**
**(15 U.S.C. § 1125(d)(1))**

24. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

25. The Infringing Domain Name is identical or confusingly similar to the Sky Fitness Marks, which were distinctive and/or famous at the time Defendant registered its Infringing Domain Name.

26. Defendant registered and has used the Infringing Domain Name with a bad faith intent to profit from the Sky Fitness Marks.

27. Defendant's activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

5

28. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to his goodwill and reputation.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

29. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

30. Plaintiff has the exclusive right to use the Sky Fitness Marks or any marks similar thereto in association with the offering for sale of fitness and exercise training and related services. As a result of the continued sale of these goods and services by Plaintiff, the Sky Fitness Marks have become immediately recognizable and Plaintiff has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Sky Fitness Marks are applied.

31. Plaintiff has acquired a reputation among consumers for quality and excellence, and the Sky Fitness Marks have come to symbolize that reputation.

32. Defendant, with knowledge of and with intentional disregard for the rights of Plaintiff, has offered for sale goods and services using the Sky Fitness Marks or confusingly similar imitations thereof.

33. Defendant's use of the Sky Fitness Marks has created the likelihood of confusion among customers.

34. Defendant's acts constitute trademark infringement and willful infringement in violation of the common law of Illinois.

35. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, Plaintiff will continue to suffer irreparable harm.

36. A permanent injunction is necessary to prevent Defendant from further interference with Plaintiff's trademark rights.

37. As a result of Defendant's infringement, Plaintiff has suffered damages, including, but not limited to, Defendant's profits from the sale of all infringing items, actual damages, costs of suit and attorney's fees.

## COUNT V
## UNFAIR COMPETITION IN VIOLATION OF ILLINOIS COMMON LAW

38. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

39. Defendant's unlawful and unauthorized use of the Sky Fitness Marks in connection with the sale of goods or services constitutes unfair competition in violation of the common law of Illinois because it is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendant's goods by or with Plaintiff. Defendant has otherwise engaged in unfair competition by representing that Defendant has a sponsorship, approval, status, affiliation, or connection with Plaintiff that it does not have.

40. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

41. Defendant's use of the Sky Fitness Marks is an attempt to trade on Plaintiff's goodwill in those marks.

42. Defendant has willfully engaged in these acts of unfair competition.

43. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further unfair competition, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

44. A permanent injunction is necessary to prevent Defendant from further interference with Plaintiff's rights.

45. Defendant's unfair competition has caused Plaintiff to incur damages, including but not limited to, Defendant's profits from the sale of the infringing items, actual damages, costs of suit and attorney's fees.

### COUNT VI
### INFRINGEMENT UNDER THE ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT, 765 ILCS 1036/1, et seq.

46. Plaintiff incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

47. Defendant has used, without the consent of Plaintiff, reproductions, counterfeits, copies or colorable imitations of the Sky Fitness Marks.

48. Defendant's use of the Sky Fitness Marks in connection with the sale, offering for sale, or advertising of goods is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

49. Defendant has reproduced, counterfeited, copied or colorably imitated the Sky Fitness Marks and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in the State of Illinois of such goods.

50. Defendant's use of the Sky Fitness Marks creates the likelihood of confusion, mistake and/or deception among consumers.

51. Defendant's acts were committed with the knowledge that such reproductions, counterfeits, copies or colorable imitations were intended to be used to cause confusion, or to cause mistake, or to deceive consumers.

52. As a result of Defendant's infringement, Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, Plaintiff will continue to suffer irreparable harm.

53. A permanent injunction is necessary to prevent Defendant from further interference with Plaintiff's trademark rights.

54. As a result of Defendant's infringement under § 60 of the Illinois Trademark Registration and Protection Act, Plaintiff has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing items, actual damages, treble damages, costs of suit and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

1. Defendant and all of its agents, officers, employees, representatives, successors, assigns, and all other persons acting for, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined preliminarily and permanently, from:

   A. Using the Sky Fitness Marks, or any other colorable imitation or simulation of the Sky Fitness Marks, on or in connection with Defendant's goods or services;

    B. Using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, the Sky Fitness Marks; or

    C. Using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, are sponsored or authorized by Plaintiff, or are in any way connected with Plaintiff;

  2. Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of infringing goods or services as described in this Complaint, including prejudgment interest thereon;

  3. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint, together with prejudgment interest thereon;

  4. Based on Defendant's knowing and intentional use of a service mark confusingly similar to Plaintiff's Sky Fitness Marks, the damages award be trebled and the award of Defendant's profits be enhanced pursuant to 15 U.S.C. § 1117(a);

  5. Defendant be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

  6. Based on Defendant's willful and deliberate infringement, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

  7. Defendant be ordered and directed to transfer the domain name www.sky-fitness.com to Plaintiff; and

8. Plaintiff have such other and further relief that this Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

*s/ Paul D. Geiger*
PAUL D. GEIGER

Of Counsel:
Craig S. Hilliard, Esquire
STARK & STARK, P.C.
Post Office Box 5315
Princeton, New Jersey 08543-5315
(609) 895-7346
chilliard@stark-stark.com

Paul D. Geiger
Law Offices of Paul D. Geiger
135 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
(312) 609-0060
pauldgeiger@gmail.com